UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

ZACHARY REDMAN

    Plaintiff,

vs.

MAGNOLIA POINT INVESTMENT, LLC.,
a Florida Limited Liability Company
and TREVER ROTHFELS, Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

    Plaintiff, ZACHARY REDMAN ("Plaintiff") by and through his undersigned counsel, files this Complaint against Defendants, MAGNOLIA POINT INVESTMENT, LLC ("MPI") and TREVER ROTHFELS, individually ("Rothfels") (collectively, "Defendants"), and states as follows:

## JURISDICTION

    1.    Jurisdiction in this Court is proper as this claim is brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter

referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims, occurred in Clay County, Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was and is a Clay County, Florida resident.

5. At all times material hereto, Plaintiff was an employee who performed services on behalf of Defendants in Clay County, Florida.

6. Defendant MPI is a Florida Limited Liability Company, with its principal address 3670 Clubhouse Drive, Green Cove Springs, FL 32043. *See* Sunbiz Report attached as Exhibit A.

7. Defendant Rothfels was and is an individual owner and operator of MPI during the relevant time period and regularly engaged in activities including: (a) running the day-to-day operations of MPI; (b) determining the schedules and hours worked by Plaintiff; (c) determining the rates of pay given to Plaintiff; (d)

hiring and firing of employees of MPI; and (e) determining the course and scope of work assigned to Plaintiff.

## FLSA COVERAGE

8. At all times material hereto, Defendants were and continue to be "employers" within the meaning of 29 U.S.C. § 203(d).

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendants were and are Plaintiff's "employers" within the meaning of the FLSA.

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was and is in excess of $500,000.00 per annum during the relevant time periods.

13. Defendants hold themselves out via their website as follows:

"Magnolia Point Golf and Country Club is located off U.S. Highway 17 south of Jacksonville in Green Cove Springs. Not the typical resort or development course, Magnolia Point was designed for GOLF and TENNIS. Magnolia Point is home to 18 holes of fantastic golf... The Pub at MP offers excellent food and beverage in the clubhouse

restaurant. Our menu offers a wide range of delicious items that has something for everyone." S*ee* website excerpts attached as Exhibit B[1].

14. At all times material hereto, Plaintiff was and is "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

15. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times material hereto, the work performed by Plaintiff was and is directly essential to the business performed by Defendants, in that Defendants could not operate their business without employees like Plaintiff.

## FACTUAL ALLEGATIONS

17. Defendants hired Plaintiff as a cook/restaurant worker from approximately January 10, 2023, through April 10, 2024.

18. Plaintiff's job duties included, but were not limited to, all aspects of kitchen and restaurant work, including preparing food, cooking food, cleaning, and other assignments given by Defendants.

19. Throughout his employment with Defendants, Plaintiff regularly worked more than forty (40) hours per workweek.

---

[1] (https://www.magnoliapointgolfclub.com/about-our-club/)(last visited July 23, 2025).

20. Defendants misclassified Plaintiff as exempt from overtime compensation under the FLSA when Plaintiff was, in fact, a non-exempt employee entitled to overtime pay.

21. Despite working regularly in excess of forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

22. Defendants' misclassification of Plaintiff was willful and not based on a good faith belief that Plaintiff was exempt from the FLSA's overtime requirements.

23. Defendants controlled Plaintiff's work schedule, assigned his duties, supervised his work, and required him to follow established procedures and policies.

24. Plaintiff was closely monitored by Defendants' managers and supervisors and followed procedures established by Defendants.

25. Plaintiff's primary value to Defendants was his services as a non-exempt restaurant worker; any alleged "managerial" duties were minimal or non-existent.

26. Throughout Plaintiff's employment, Defendants regularly required and permitted Plaintiff to work in excess of forty (40) hours per week without proper overtime compensation.

27. Defendants failed to maintain proper time records as mandated by the FLSA.

28. Prior to violating the FLSA, Defendants did not consult with an attorney, the Department of Labor, or an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from overtime pay under the FLSA.

29. Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

30. Defendants are "joint employers" under the FLSA through their unified control and operations, sharing of employees, and mutual benefit from Plaintiff's work.

## ENTERPRISE AND INDIVIDUAL COVERAGE

31. At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

32. Defendants' employees, including Plaintiff, handled and worked with various goods and materials that moved through interstate commerce, including food, beverages, and other restaurant supplies.

33. Defendants advertise on the Internet, process credit cards from out-of-state customers, and communicate via various means with clients outside of Florida.

34. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## EMPLOYMENT RELATIONSHIP AND JOINT EMPLOYER STATUS

35. Defendants had the power to hire and fire Plaintiff and exercised control over his work schedule, duties, and compensation.

36. Defendant Rothfels is individually liable as an "employer" under 29 U.S.C. § 203(d) because he: (a) was involved in MPI's day-to-day operations; (b) supervised employees; (c) determined employee compensation; (d) had authority to hire and fire; and (e) was responsible for ensuring FLSA compliance.

37. Both Defendants are jointly and severally liable for violations alleged herein.

## COUNT I

**VIOLATION OF 29 U.S.C. §207 - MISCLASSIFICATION AND UNPAID OVERTIME COMPENSATION**

38. Plaintiff reincorporates and re-alleges all paragraphs of the Complaint, as though set forth fully herein.

39. Plaintiff is entitled to be paid one and one-half times his regular pay rate for each hour worked in excess of forty (40) per work week.

40. Defendants willfully misclassified Plaintiff as exempt from overtime when he was clearly a non-exempt employee under the FLSA.

41. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours but was not paid proper overtime compensation due to Defendants' misclassification.

42. As a result of Defendants' intentional, willful, and unlawful acts in misclassifying Plaintiff and refusing to pay him one and one-half times his regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

43. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due for his time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and

f. Order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 25th day of July 2025

Respectfully submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*